SMITH (WINTERMUTE v.). See Case No. 17,897.

## Case No. 13,128a.

### SMITH et al. v. WOODRUFF.

[6 Fish. Pat. Cas. 476.][1]

Supreme Court, District of Columbia. Sept., 1873.

PATENTS—VALIDITY—EVIDENCE—COSTS.

1. The patent is prima facie evidence that the several grants of right contained in it are valid; that the several things, methods, and devices contained in it are new; that they were useful; that they required invention; and that they were the invention of the patentee.

2. This prima facie evidence must have full effect. unless it is refuted by sufficient countervailing evidence.

3. If one paper-file holds the paper better than another, which is patented, and has driven it out of the market. that is prima facie evidence that the mechanism is different. and is a new invention; and the use of it does not violate the patentee's monopoly.

4. Though the complainant's bill is dismissed, the defendant is allowed no costs, as by the decision the rights of the parties are settled, and he as well as the public receives a benefit from the decision.

[This was a bill in equity by Eldridge J. Smith and others against E. W. Woodruff.]

Final hearing on pleadings and proofs. Suit brought upon letters patent [No. 76,834] for "improvement in paper-files," granted to Eldridge J. Smith, April 14, 1868, and reissued April 19, 1872 [No. 4,864].

E. W. Edmondson, for complainant.
R. D. Mussey, for defendant.

HUMPHREYS, J. In this case the complainant files a bill against the defendant alleging therein an infringement by the defendant of the complainant's rights under a certain patent, and asking for an injunction.

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

It alleges that letters patent were issued to the complainant for a certain invention for filing and holding papers; and that the defendant has infringed upon the rights of complainant under said patent by making and selling a like machine; all which allegations are denied by the defendant. The evidence shows that the application of the complainant for a patent was filed January 6, 1868, and that the defendant filed an application for letters patent for his machine January 7, 1868; that a patent was issued to defendant on March 31, 1868, and subsequently, on April 14, 1868, a further patent was issued for further improvements; and that on that day the complainant's patent was issued, and that complainant's patent was afterward surrendered and a reissue of the same made on April 9, 1872, for alleged infringement of which this suit is brought. But it is not claimed that these dates make any difference now as to the question in controversy. The patent office decided that there was no infringement or conflict between the two claims, and, so deciding, issued a patent to each party. It is here claimed by the complainant that that decision is erroneous; and the question now is whether the defendant's patent is an infringement upon the complainant's rights under his patent. The patent itself is made by law prima facie evidence that everything that was necessary to have been done in the office before the same could issue has been done; and that principle is carried even further than I at first thought a prima facie case would go. But it is in the language of a reported case that I prefer to state this principle, rather than in my own words. In Potter v. Holland [Case No. 11,329], this principle is clearly stated. I have looked at the text, and it fully authorizes the headnote, which is short, and which I will read: "The patent is prima facie evidence that the several grants of right contained in it are valid; that the several things, methods, and devices contained in it are new; that they were useful; that they required invention, and that they were the invention of the patentee; and this prima facie evidence must have full effect unless it is rebutted by sufficient countervailing evidence." Now, that is the extent to which the prima facie evidence of the patent goes. It purports to be issued after everything required to be done has been done. Now, here are two patents, and the question more particularly involved is whether or not the patent office decided correctly in deciding that there was no conflict between the two machines. The one patent is of as much force as the other; and the main question at present is whether the decision of the patent office, that there was no conflict between the two. is correct. I have come to the conclusion that the office decided correctly.

In the case of Gould v. Rees. 15 Wall. [82 U. S.] 187, the court says: "Patentable inventions may consist entirely in a new com-

bination of old ingredients, whereby a new and useful result is obtained; and in such cases the description of the invention is sufficient if the ingredients are named, the mode of operation given, and the new and useful result is pointed out, so that those skilled in the art and the public may know the nature and extent of the claim, and what the parts are which co-operate to produce the described new and useful result. Damages are claimed by the plaintiff for the alleged infringement of certain letters patent, and he instituted for that purpose an action of trespass on the case against the defendant to recover compensation for the alleged injury." Here, in this case, the bill is filed seeking an injunction against the defendant for the alleged infringement. The court there further says, that "where the defendant, in constructing his machine, omits entirely one of the ingredients of the plaintiff's combination without substituting any other, he does not infringe; and if he substitutes another in the place of the one omitted, which is new, or which performs a substantially different function, or if it is old, but was not known at the date of the plaintiff's invention as a proper substitute for the omitted ingredient, then he does not infringe." Now, it is held that the principle in the two paper-files here is the same; but the principle is not what was patented, but the mode of operation and construction of the machines. The defendant's machine holds the papers more securely than the complainant's, and it is decided in Singer v. Walmsley [Case No. 12,900], that "if the result of the mechanism used by the defendants is greatly superior to that described and claimed by the patentee, this fact may be considered by a jury as tending to prove that the mechanism of the defendants is a new invention, substantially different from that described by plaintiff."

It is in evidence fully in this case that the defendant's machine has supplanted entirely that of the complainant; and the court is greatly relieved, and will be so all the way up to the court of last resort, by the presumptions in favor of the finding of the office, to which is intrusted the determination of the question of patents and of conflicting claims therefor. I am not disposed to interfere with that finding; and, if there is no infringement there could be no interference.

The decree will be that, this cause coming on to be heard, being argued by counsel, and on due consideration, it is ordered, adjudged, and decreed that the complainant's bill be dismissed, and that each party pay his own costs. The reason that I come to this conclusion as to costs is that the public is benefited by this investigation, and the defendant is greatly benefited by having the case settled; and the complainant ought not to be required perhaps to pay more than his own costs, and it will be no hardship to the defendant to require him to pay his.